IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON



DAVID ALLEN SCOTT, et al,

Plaintiffs,

v.

SENECA SAWMILL,

Defendant.

Civ. No. 6:14-cv-01337-MC

OPINION and ORDER

**MCSHANE, Judge:**

This Court is asked to conditionally certify plaintiffs' action as a representative collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–19. Because plaintiffs have provided substantial allegations that the potential putative collective action members were together the victims of a single decision, policy, or plan, this Court finds that these members are "similarly situated" under 29 U.S.C. § 216(b). Thus, plaintiffs' Amended Motion for Conditional Collective Action Certification [#63], is GRANTED IN PART and DENIED IN PART as follows.

1 – ORDER

## STANDARD OF REVIEW

The FLSA requires that all non-exempt[1] employees receive compensation at "one and one-half times the regular rate" for hours worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a)(1). If an employee claims that an employer has violated this overtime provision, that employee may bring an action against the employer on "behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b).

The term "similarly situated" is not defined by statute or within precedential case law. *Chastain v. Cam*, No. 3:13-cv-01802-SI, 2014 WL 3734368, at *1 (D. Or. July 28, 2014) (citations omitted). However, the majority of courts, including those within this district,[2] apply a two-tier process to determine whether the putative collective action members are "similarly situated." *See Margulies v. Tri-Cnty Metro. Transp. Dist. of Or.*, No. 3:13-cv-00475-PK, 2013 WL 5593040, at *15 (Oct. 10, 2013) (citations omitted).

Under the first tier, also referred to as the "notice stage," this Court preliminarily determines whether the putative members are "similarly situated." *Id.*; *see Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). At this first tier, the Court employs a lenient standard "that typically results in certification." *Margulies*, 2013 WL 5593040, at *15 (citations and internal quotation marks omitted). The named plaintiffs need only produce "substantial allegations that the putative members were together victims of a single decision, policy, or ban." *Thiessen*, 267 F.3d at 1102 (citation and internal quotation marks omitted).

---

[1] 29 U.S.C. § 213 identifies exemptions under the FLSA.
[2] *See, e.g., Chastain*, 2014 WL 3734368, at *2; *Gessele v. Jack in the Box, Inc.*, No. 3:10-cv-00960-ST, 2013 WL 1326538, *3-4 (D. Or. Apr. 1, 2013); *White v. Rakhra Mushroom Farm Corp.*, No. CV 08-198-SU, 2009 WL 971857, at *3 (D. Or. Apr. 8, 2009); *Goudie v. Cable Commc'ns, Inc.*, No. 08-CV-507-AC, 2008 WL 4628394, at *3 (D. Or. Oct. 14, 2008); *Gonzalez v. Select Onion Co., LLC*, No. 06-CV-1056-SU, 2007 WL 1989698, at *2 (D. Or. July 2007); *McElmurry v. US Bank Nat'l Ass'n*, Civil No. 04-642-HU, 2006 WL 3908536, at *2-3 (D. Or. Dec. 8, 2006); *Fichtner v. Am. Family Mut. Ins. Co.*, No. 02-6284-HO, 2004 WL 3106753, at *10 (D. Or. Mar. 1, 2004).

2 – ORDER

If plaintiffs meet their burden, the Court conditionally authorizes a FLSA collective action, orders that a Notice be sent to all putative collective action members, and sets a deadline for such members to join the suit by filing consents to sue. *Margulies*, 2013 WL 5593040, at *15; *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) ("[A] district court may authorize the named plaintiffs in a FLSA collective action to send notice to all potential plaintiffs . . . and may set a deadline for plaintiffs to join the suit by filing consents to sue." (citations omitted)).

The Court may reject a conditional certification where the class is too broad, or the duties of different class members are too varied. *See, e.g., Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1221 (M.D. Fla. 2003) (declining to certify a proposed collective action in part, because the proposed class was "overbroad"). However, a plaintiff is not required to show that his or her position is identical to the positions held by the putative class members. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 1217 (11th Cir. 2001) (citation omitted).

Under the second tier, the "decertification stage," this Court, upon motion by a defendant, applies a more stringent standard to determine whether the conditionally certified collective action should be decertified. *Chastain*, 2014 WL 3734368, at *2; *Margulies*, 2013 WL 5593040, at *15. To make this determination, this Court reviews several non-exhaustive factors, including: (1) the specific employment conditions and duties of the individual plaintiffs; (2) any defenses asserted by or available to the defendant which appear to be individual to each plaintiff; (3) fairness; (4) procedural considerations; and (5) whether plaintiff made any required filings before instituting the suit. *Chastain*, 2014 WL 3734368, at *2 (quoting *Morden v. T-Mobile USA, Inc.*, No. C05-2112RSM, 2006 WL 2620320, at *2 (W.D. Wash. Sept. 12, 2006)).

3 – ORDER

## BACKGROUND AND DISCUSSION

This proposed collective action arises out of alleged violations of the FLSA. The named plaintiffs (Scott, Mord, Moreno, Heflin, Simpson, and Wilson) were employed by defendant Seneca Sawmill Company ("Seneca") in Eugene, Oregon. The plaintiffs contend that they (and potentially other "similarly situated" Seneca employees) were not paid for all of the hours they worked because they were together victims of a single policy or plan of the defendant that violates the FLSA. Defendant denies the allegations and also contends that plaintiffs have not carried their burden to show that the putative members are "similarly situated" enough for FLSA conditional certification.

Ultimately, because defendant's alleged timekeeping policies were potentially applicable to all "lumber production" employees, this Court concludes that plaintiffs have made a sufficient showing that the putative class is "similarly situated" enough for *conditional* class certification. Although defendant's arguments against *conditional* certification were not persuasive, this Court does take note and acknowledges defendants' concerns that plaintiffs only established a minimal factual foundation, and when this Court is confronted with *De*certification Motions following discovery, these considerations will be reviewed in light of increased knowledge and under a more stringent standard. *See Goudie*, 2008 WL 4628394, at *9.

On April 13, 2015, Oral Arguments regarding Plaintiff's Amended Motion to Certify the Class Conditional FLSA [#63] and associated issues were heard by this Court. Alan Leiman and Drew Johnson were present as plaintiffs' counsel. Frederick Batson was present at defendant's counsel. The Court issued the following Orders from the bench as described on the record and as further delineated by written Minute Order [#97]:

4 – ORDER

Plaintiffs' Motion to Certify the Class Conditional FLSA [#63] was GRANTED in part, as stated on the record [#97] and as further defined in this Opinion & Order, which serves as the formal decision on the motion.

In regards to the Defendant's *Objections to Plaintiffs' Proposed Notice to the Putative FLSA Class* [#83], the Court ordered the following for the reasons stated on the record:

As to Defendant's Objection No. 1: DENIED - The Notice may use the earlier date of August 20, 2011.

As to Defendant's Objection No. 2: GRANTED - The *Defendant's* proposed alternative language found on page 6 of their brief [#83] shall be used in the Notice.

As to Defendant's Objection No. 3: GRANTED – However, the website proposed by the Claims Administrator must be reviewed by Defendant's counsel *prior* to being posted in the internet.

As to Defendant's Objection No. 4: GRANTED - The Defendant shall *not* be compelled to produce phone numbers of any current or former employees within the potential class.

As to Defendant's Objection No. 5: GRANTED – The language objected to by the Defendant on page 8 of their brief [#83] shall be struck from the Notice.

As to Defendant's Objection No. 6: GRANTED – The Defendant is not obligated to post notice in any *public* areas.

Defendant's Motions for *Partial Summary Judgment Against the Claims of Plaintiff David Scott* [#86], for *Partial Summary Judgment Against the Claims of Plaintiff Weston Mord* [#88], for *Partial Summary Judgment Against the Claims of Plaintiff Simpson* [#91], and for *Partial Summary Judgment Against Claims by Plaintiff Kristan Wilson* [#93] were all DENIED but with leave to refile later, for the reasons as stated on the record.

Defendant's Motion to Apply Intermediate Standard to Plaintiff's Motion for Conditional Certification of an FLSA Class [#24] was DENIED as moot, as it applied primarily to the Plaintiff's first Motion for Conditional Certification.

[See Minute Order #97]

5 – ORDER

Also during the April 13, 2015 hearing, the attorneys for the parties were ordered to confer regarding the definition and scope of the potential conditional class to be notified. They were also ordered to submit a proposed case management schedule and trial date for the Court to consider during a Status Conference, which was held on April 22, 2015. [#98].

During the April 22, 2015 Status Conference, Drew Johnson was present as counsel for plaintiffs. Frederick Batson was present as counsel for defendant. The following case management schedule was agreed to by the parties and was adopted by the Court:

Defendant is to produce employee contact to Plaintiff by 5/8/2015.
Plaintiff is to mail notices by 5/22/2015.
The Opt-in deadline is 8/20/2015.
Discovery is to be completed by 2/26/2016.
Motions on Class Decertification are due by 4/15/2016.
Oral Arguments on Motions for Class Decertification will be set later.
Dispositive Motions are due are due 30 days after ruling on Class Decertification Motions.
Joint ADR Report & Pretrial Order will be due 30 days after ruling on Dispositive Motions.
Pretrial Conference is set for 10/3/2016 at 9AM in Eugene Courtroom 2.
Jury Trial is set for 10/11/2016 at 9AM in Eugene Courtroom 2 before Judge Michael McShane.

In regards to the scope and definition of the potential class, the Court ordered that all Seneca employees involved in the "production of lumber" at Seneca's Highway 99 facility would be eligible to receive a Notice and Opt-In Form, as putative members of the *Conditionally Certified FLSA Class*. Specifically and for the purposes of conditional class certification under the FLSA, this Court made the preliminary finding that all current and former employees of Seneca Sawmill Company ("Seneca" or "defendant") who have worked for hourly pay in a lumber production job at Seneca's Highway 99 facility at any time since August 20, 2011, and who have performed more than 40 hours of work in that job in any workweek since that date, are similarly situated as putative collective action members for this representative collective action.

6 – ORDER

The Court further Ordered during the 4/22/15 hearing as stated on the record [#98], that Seneca employees on the "Clean-Up Crew" were within the definition of employees involved in the "production of lumber" and were to be included as putative collective action members.

The Court also ordered as stated on the record, that potential putative class members are only to be contacted via email as a "back-up" plan, when contacting them via regular mail has been unsuccessful.

The Court also ordered the Plaintiffs to submit a final draft of the "Notice and Opt-In Form" to the Court via email after Defendant's counsel had an opportunity to review it.

On May 1, 2015, Plaintiffs submitted this draft "Notice and Opt-In Form" via email to the Court, reflecting the revisions previously ordered by the Court. Defense Counsel was included in the email. The email stated that all issues regarding the draft "Notice and Opt-In Form" had been resolved except for one: Plaintiffs and the Class Administrator wished to include the a footer at the bottom of every page of the Notice and Opt-In form stating, "Questions? Call toll-free 1-844-706-5089 or visit www.SenecaCollectiveAction.com." Defendant objected to the use of this footer, and argued that the toll free number and website should only be listed in the "further information" section of the Notice.

The Court now resolves this issue and Orders that the footer ***shall*** be included on each page, as drafted in the attached final version of the "Notice and Opt-In Form." ***(See attached).*** The objective of Notice is just that: to provide sufficient information to putative class members so that they can make an informed decision as to whether or not they wish to Opt-In. Including the footer only furthers that objective and does not prejudice the defendant.

7 – ORDER

# CONCLUSION

For these reasons, plaintiffs' Amended Motion for Conditional Collective Action Certification [#63] is GRANTED IN PART and DENIED IN PART as described above.

It is hereby ordered:

1. **Conditional Certification:** This Court conditionally certifies this action as a representative collective action, pursuant to the FLSA under 29 U.S.C. § 216(b).

2. **Authorization of Notice:** Pursuant to the FLSA and as described in this and previous Orders, this Court makes the preliminary finding that all current and former employees of Seneca Sawmill Company ("Seneca" or "defendant") who have worked for hourly pay in a lumber production job at Seneca's Highway 99 facility at any time since August 20, 2011, and who have performed more than 40 hours of work in that job in any workweek since that date, are similarly situated as putative collective action members for this representative collective action.

3. **Appointment of Class Counsel:** The law firm of Leiman & Johnson, LLC (Alan J. Leiman and Drew G. Johnson) are appointed as counsel for the collective action.

4. **Appointment of Plaintiffs as Class Representatives:** Plaintiffs David Scott, Branden Heflin, Kristan Wilson, Weston Mord, Marty Simpson, and Jesus Moreno are appointed as class representatives.

5. **Form of Notice:** Notice to all putative collective action members shall be made by workplace posting and by first class mail or email (but only as a "backup" if contact by regular mail is unsuccessful and under a Protective Order) using the *attached* final version of the Notice and Opt-In Form.

6. **Deadlines:** The parties shall proceed as per the **case management schedule** agreed to by the parties and adopted by the Court as outlined above in this Order.

IT IS SO ORDERED.

DATED this 4th day of May, 2015.

                                               **Michael J. McShane**
                                               **United States District Judge**

8 – ORDER